

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-81,115-01

### EX PARTE STEVEN CEASAR URESTI, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. A-39,257-A IN THE 70th DISTRICT COURT
### FROM ECTOR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manslaughter and sentenced to twenty years' imprisonment.

Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to timely file a notice of appeal or motion for new trial. Specifically, Applicant alleges that counsel did not file a motion for new trial until fifty-seven days after sentence was pronounced in

open court.[1]

After remand, the trial court recommends granting Applicant an out-of-time appeal and states the following in its findings of fact, in pertinent part:

> Trial Counsel failed to timely file Applicant's Motion for New Trial (or Notice of Appeal) because he mistakenly believed the deadline for filing the Notice of Appeal was 30 days from the date the judgment was signed and not, as is the law, 30 days from the date sentence was pronounced in open court.

This finding of fact and the trial court's recommendation to grant relief are not supported by a response from counsel. A response was explicitly ordered by this Court in its previous remand order.

After obtaining a response from counsel, the trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 10, 2014
Do not publish

---

[1] Appellate counsel was not appointed until after the motion for new trial was filed.